UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                                                    Case No. 5:25-cr-13-TPB-PRL

COREY WILKERSON,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S "MOTION TO DISMISS COUNT ONE OF THE INDICTMENT AS UNCONSTITUTIONAL"

This matter is before the Court on Defendant Corey Wilkerson's "Motion to Dismiss Count One of the Indictment as Unconstitutional," filed by counsel on October 27, 2025. (Doc. 50). On November 12, 2025, the United States of America filed a response in opposition. (Doc. 51). Upon review of the motion, response, case file, and the record, the Court finds as follows:

Defendant is accused of possessing thousands of animated depictions of sexual abuse on children in the style of Japanese animēshon ("anime").[1] As a result of a complaint from the National Center for Missing and Exploited Children, Defendant was investigated for downloading an image believed to be child pornography on a cell phone. Law enforcement obtained a search warrant and searched Defendant's cell phone and other electronic media. During the search,

---

[1] The word "anime" is a shortened form of the Japanese word "animēshon," which means animation. Anime is known for its distinct style, characterized by colorful and detailed animation and unique character designs. Anime has a long history, dating back to the early 20th century. The first known anime was released in 1917, and since then, the medium has grown to become a major form of entertainment both in Japan and around the world.

officers found over 10,000 images of anime, including drawings of torture and bestiality, adults engaged in sexual acts, and minors engaged in sexual acts.  At least one image of a child engaged in a sexual act appears to have been generated by artificial intelligence and is similar to the anime images in that it presented a cartoonish image of a child.

Based on this alleged conduct, Defendant has been charged with a violation of 18 U.S.C. § 1466A, which prohibits any person from knowingly possessing "a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting, that depicts a minor engaging in sexually explicit conduct and is obscene." Defendant challenges the constitutionality of the statute, specifically arguing that the statute is overbroad, void for vagueness, and otherwise unconstitutional under *Stanley v. Georgia*, 394 U.S. 557 (1969).

### *Overbreadth*

In his motion, Defendant first argues that the statute is unconstitutional because it is overly broad.  The overbreadth doctrine "prohibits the Government from banning unprotected speech if a substantial amount of protected speech is prohibited or chilled in the process." *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 255 (2002).  A defendant must demonstrate that substantial overbreadth exists from the text of the law and from actual fact. *United States v. Ostrander*, 114 F.4th 1348, 1362 (11th Cir. 2024).

The Eleventh Circuit has held that 18 U.S.C. § 1466A is not facially overbroad.  *See, e.g.*, *id.*; *United States v. Dean*, 635 F.3d 1200, 1205-06 (11th Cir.

2011). And Defendant has not demonstrated any overbreadth from either the text of the law or from actual fact. He has not shown any realistic substantial danger that 18 U.S.C. § 1466A could reach the legitimate work of anime artists or impact individuals' artistic expression. The motion to dismiss is denied as to this ground.

### *Vagueness*

Defendant next argues that the statute is unconstitutionally vague because drawings could depict non-humans or people who are age ambiguous.[2] "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

The Eleventh Circuit has held the statute constitutional under the void for vagueness doctrine. *See, e.g.*, *Ostrander*, 114 F.4th at 1365. The motion to dismiss is denied as to this ground.

### *Mere Possession of Obscene Materials*

Defendant finally argues that the obscenity statute is unconstitutional under *Stanley v. Georgia*, 394 U.S. 557 (1969). In *Stanley*, the United States Supreme Court held that the First Amendment prohibits making mere private possession of obscene material a crime. *See id.* at 1249-50. "But *Stanley's* holding [is] a narrow

---

[2] Contrary to Defendant's argument that a person could be prosecuted for possessing an image that depicts a non-human or age-ambiguous human, the statute by its text does not criminalize such conduct. A person cannot be prosecuted for a non-human image (unless the image depicts bestiality), and the minor's age would need to be obvious. *See* 18 U.S.C. § 1466A(b)(1).

one, focusing only on the possession of obscene materials in the privacy of one's home." *United States v. Whorley*, 550 F.3d 326, 332 (4th Cir. 2008).  And since *Stanley*, the Supreme Court has made it clear that Congress may still control the possession of obscene materials through the channels of interstate commerce.  *See United States v. Reidel*, 402 U.S. 351, 354-55 (1971) (noting limitations on the reach of the *Stanley* decision); *Smith v. United States*, 431 U.S. 291, 307 (1977) ("*Stanley* did not create a right to receive, transport, or distribute obscene material, even though it had established the right to possess the material in the privacy of the home."); *United States v. Orito*, 413 U.S. 139, 141 (1973) (holding that *Stanley's* tolerance of obscene materials within the privacy of the home created no "correlative right" to receive, transport, or distribute obscene materials).

The Eleventh Circuit has upheld the constitutionality of 18 U.S.C. § 1466A under a *Stanley* challenge.  *See Ostrander*, 114 F.4th at 1364.  The statute does not target the private possession of obscene materials, but rather, targets those who download or exchange images on the internet.  *Id.* at 1363.  The motion to dismiss is denied as to this ground.

**DONE AND ORDERED** in Chambers, in Ocala, Florida, this 5th day of December, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE