UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                                    **Case No. 5:25-cr-13-TPB-PRL**

COREY WILKERSON

UNITED STATES' MOTION FOR
PRELIMINARY ORDER OF FORFEITURE

The United States moves this Court, pursuant to 18 U.S.C. § 1467 and Fed. R.

Crim. P. 32.2(b)(2), to enter a preliminary order of forfeiture for a Black TCL

Cellphone, model: Ion V, and a Blue and black Samsung cellphone, model: SM-

G986U, which were seized on or about July 10, 2024. In support, the United States

submits the following memorandum of law.

MEMORANDUM OF LAW

I.      Statement of Facts

A.      Allegations Against the Defendant

1.      The defendant was charged in an Indictment with possession of obscene

visual representations of the sexual abuse of children, in violation of 18 U.S.C. §

1466A(b). Doc. 1.

2.      The Indictment also contained forfeiture allegations putting the

defendant on notice that, pursuant to 18 U.S.C. § 1467, the United States would seek

to forfeit the cell phones identified above. *Id.* at 2.

**B.      Finding of Guilt and Relevant Facts Established at Trial**

3.      The defendant waived his right to a jury trial and proceeded to be tried by the Court. Doc. 65.  The defendant and the United States entered into a stipulation of facts for a bench trial. Doc. 66-1. Upon consideration of the record and the Stipulation of the Parties, the Court found the defendant guilty of Count One of the Indictment. Doc. 68.

4.      In the Stipulation of the Parties (Doc. 66-1), the defendant admitted the facts necessary to establish that the defendant knowingly possessed obscene visual representations of the sexual abuse of children, in violation of 18 U.S.C. § 1466A(b), as charged in Count One of the Indictment. *Id.* at 3-4. He further admitted, and the parties agreed, that the cell phones were used or intended to be used to commit or to promote the commission of the offense charged in Count One. *Id.* at 9.

II.    **Applicable Law**

The United States may criminally forfeit, pursuant to 18 U.S.C. § 1467, any property used or intended to be used to commit or to promote the commission of the attempted transfer of obscene material to a minor (18 U.S.C. § 1470).

Rule 32.2(b)(1) provides that, when the government seeks to forfeit specific property, the Court must determine whether the government has established the requisite nexus between the property and the defendant's crime. Fed. R. Crim. P. 32.2(b)(1). The Court must do so as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted. Fed. R. Crim. P. 32.2(b)(1)(A).

The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). As was established at the bench trial and by the stipulation of the parties, the cell phones were used or intended to be used to commit or to promote the commission of the offense charged in Count One of the Indictment. Therefore, the cell phones are subject to forfeiture, pursuant to 18 U.S.C. § 1467 and Fed. R. Crim. P. 32.2(b)(2).

## III.   Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 1467 and Fed. R. Crim. P. 32.2(b)(2), the Court enter a preliminary order of forfeiture for the cell phones identified above.

Upon issuance of the preliminary order of forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property. Determining whether a third-party has any interest in the property must be deferred until a third-party files a claim. *See* Rule 32.2(c).

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the preliminary order of forfeiture in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third-party claim that may be filed in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

By:    *s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney
Florida Bar No. 0820601
400 West Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7560
E-Mail: Nicole.Andrejko@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on Apil 28, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

*s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney

4